**Tony Edward POWELL, Plaintiff–Appellant,**

v.

**D. SMITH, Warden; McFadden, Regional Director, Defendants–Appellees.**

No. 11–17551.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 22, 2013.

Tony Edward Powell, Atwater, CA, pro se.

Benjamin Eli Hall, Esquire, Assistant U.S., USF–Office of the U.S. Attorney, Fresno, CA, for Defendants–Appellees.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Federal prisoner Tony Edward Powell appeals pro se from the district court's judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that defendants subjected him to inhumane living conditions during a prison lockdown. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies, and for clear error the district court's underlying factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly dismissed Powell's action because Powell did not timely exhaust prison grievance procedures concerning his claim. *See Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (a prisoner must exhaust available administrative remedies before filing a complaint; exhaustion during the course of litigation is not sufficient).

Powell's motion for leave to file supplemental materials, filed on March 22, 2013, is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).